IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00397-PAB-NRN

ILON T. WILLIAMS,

Plaintiff,

v.

STEWART TITLE COMPANY,

Defendant.

ORDER ON
STEWART TITLE COMPANY'S MOTION FOR PROTECTIVE ORDER
TO STAY DISCOVERY PENDING (Dkt. #35)

Entered by Magistrate Judge N. Reid Neureiter

This case is before the Court pursuant to an Order (Dkt. #26) issued by Judge Philip A. Brimmer on August 15, 2018, referring Defendant Stewart Title Company's ("STC") Motion for Protective Order to Stay Discovery Pending Resolution of STC's Motion to Dismiss (Dkt. #35). The Court has carefully considered the motion, Plaintiff Ilon T. Williams' Response (Dkt. #38), and STC's Reply (Dkt. #39). On September 25, 2018, the Court heard argument on the subject motion. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.

## Background

On February 16, 2018, Ms. Williams filed an Amended Complaint (Dkt. #21) against STC, asserting claims for negligence per se, breach of contract, and negligent misrepresentation/nondisclosure. Ms. Williams' claims arise from a title commitment

issued by STC that failed to identify a properly recorded judgment lien on a house being sold by Ms. Williams to buyers, the Panians. Ms. Williams alleges that she became "embroiled in unnecessary litigation" with the Panians due to STC's failure to conduct a reasonable title examination, and, in addition to other damages, she seeks to recover her reasonable litigations costs and fees.

On May 9, 2018, STC filed a Renewed Motion to Dismiss (Dkt. #26), in which it argues that Ms. Williams already litigated—and lost—her claims in a related state court case, *Panian and Stewart Title Guaranty Company v. Altman*, Boulder County District Court, Case No. 2016-cv-30981 (the "Related Case"). The Panians and Stewart Title Guaranty Company ("STGC"), the underwriter of the title insurance commitment, had sued Ms. Williams for fraud regarding the transfer of her house to the Panians. The Panians alleged that Ms. Williams knew of the undisclosed lien on the house, knew that STGC had failed to identify the lien, and knew that in receiving the proceeds from the sale, the Panians would be getting an encumbered property, while Ms. Williams would be getting money that should have gone to the lien-holder to satisfy the judgment lien. In fact, after the house was sold, the lien-holder did seek to foreclose on the Panians house, causing STGC to pay out on the title insurance policy.

In the Related Case, Ms. Williams asserted counterclaims against STGC for negligence and negligence per se; negligent misrepresentation; concealment and nondisclosure; fraudulent inducement; fraud and misrepresentation; wrong of another; and punitive damages (Dkt. # 26-4). STC is a wholly-owned subsidiary of STGC. The state trial court granted summary judgment on Ms. Williams' negligence per se claim (Dkt. # 26-5 at 10-11), and on September 22, 2017, a jury found in favor of STCG and

2

the Panians and against Ms. Williams (Dkt. #26-1). The jury determined that Ms. Williams fraudulently concealed the existence of the unpaid judgment lien and awarded STGC and the Panians actual damages and nominal punitive damages (*id* at 4-5). Ms. Williams filed a Notice of Appeal on March 19, 2018 (Dkt. #26-2), challenging several orders of the state trial court. Ms. Williams' appeal is currently pending before the Colorado Court of Appeals.

In its motion to dismiss (Dkt. #26), which is currently pending before Judge Brimmer, STC argues that Ms. Williams' claims should be dismissed because: (1) she failed to sufficiently allege the amount of controversy; (2) her claims were compulsory counterclaims in the Related Case and she is barred from raising them here; and (3) she fails to state claims for negligence per se, breach of contract, or negligent misrepresentation. In the alternative, STC argues that the Court should stay these proceedings until her state court appeal is decided under the *Colorado River* doctrine, which governs whether a district court should stay or dismiss a federal suit pending the resolution of a parallel state court proceeding. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976). Moreover, when her appeal is ultimately resolved, STC contends that Ms. Williams' claims will be barred by claim or issue preclusion.

Consistent with its position, on July 25, 2018, STC filed the subject Motion for Protective Order to Stay Discovery Pending Resolution of STC's Motion to Dismiss (Dkt. #35). STC asks the Court to stay proceedings because STC is challenging the Court's jurisdiction or, in the alternative, advocating for abstention. STC further argues that the equities favor a stay.

In her Response (Dkt. #38), Ms. Williams claims that a stay is not warranted because STC's motion to dismiss is meritless. She argues that the amount in controversy requirement is met; that her claims are not precluded by the Related Case because STC was not a party to that litigation and, conversely, STGC was not a party to the contract that STC is alleged to have breached in this case; and that she has stated plausible claims for relief. She also argues that STC will not be burdened by having to conduct discovery.

STC reiterates in its Reply (Dkt. # 39) that every issue in this case has been litigated and decided in the Related Case, subject to Ms. Williams' appeal. STC also argues that Ms. Williams proposed discovery is especially burdensome given the amount of out-of-state depositions requested and the fact that much of the written discovery is duplicative of that served upon STGC in the Related Case.

**Legal Standard**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be

done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this Court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

## Analysis

Here, the case is still in the early stages of litigation; STC responded to Ms. Williams' operative complaint with the pending motion to dismiss that could fully dispose

5

of her claims before engaging in the discovery process. For the following reasons, the Court finds that a balance of the *String Cheese* factors favors a stay in this matter.

First, while the Court recognizes that Ms. Williams has an interest to proceed expeditiously, it must be noted that she has already had the opportunity to conduct at least some discovery on her claims in the Related Case. Indeed, as STC notes, in several instances, the discovery sought by Ms. Williams from STC is identical to the requests served on STGC in state court. (*See* Dkt. #35 at 7-10.) Moreover, Ms. Williams' initial disclosures almost exclusively cite documents relating to the state court proceedings. (*See* Dkt. #35-3 at 5.)

Second, and most significantly, Ms. Williams' lessened interest in proceeding expeditiously, and any related prejudice, is outweighed by the substantial burden on STC of having to participate in discovery while a motion to dismiss is pending that argues that Ms. Williams' claims are completely barred. Specifically, the Court finds that the resolution of Ms. Williams' state court appeal will more than likely be determinative on what claims Ms. Williams can assert against STC in this case. If her appeal is denied, then issue and claim preclusion problems will probably arise. Claim preclusion applies to a second judicial proceeding when there exists: "(1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity of or privity between the parties to the two actions." *Kadingo v. Johnson*, 304 F. Supp. 3d 1003, 1014–15 (D. Colo. 2017) (citing *Burlington Ditch Reservoir & Land Co. v. Metro Wastewater Reclamation Dist.*, 256 P.3d 645, 668 (Colo. 2011)). Issue preclusion bars relitigation of an issue decided in a previous proceeding when: "(1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the previous

6

proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to the previous proceeding; (3) there was a final judgment on the merits in the previous proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the previous proceeding." *Id.* (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Guar. Bank & Trust Co.*, No. 13-cv-00926-LTB-KLM, 2015 WL 920578, at *3 (D. Colo. Mar. 2, 2015)). It is feasible that one or both types of preclusion will affect Ms. Williams' claims. For instance, the jury in the Related Case found that one-hundred percent of Ms. Williams' damages were caused by her own actions (Dkt. #26-1 at 20). The binding effect of this determination may well impact Ms. Williams' claims against STC, even if STC and STGC are not considered to be in privity. If Ms. Williams prevails in her appeal and her case is remanded back to the state trial court, on the other hand, the *Colorado River* doctrine may still preclude this Court from exercising jurisdiction. Permitting extensive discovery while these issues are outstanding places an undue burden on STC.

Third, while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).

Fourth, the Court finds that while the interests of non-parties do not greatly favor one side, the public's interest is served by staying discovery. Our judicial system does

not countenance litigants taking multiple bites of the apple, and the Court has an obligation to the public to prevent multiple, repetitive lawsuits from clogging its docket.

Finally, without prejudging the motion to dismiss, there appears, to this judge, to be certain serious inequities involved in allowing discovery to proceed on this case. Ms. Williams was found in the Related Case to have committed fraud against STGC and the Panians in the sale of her house. In this lawsuit, she seeks to recover her attorneys' fees incurred in defending that case from an affiliate entity of one of the parties she defrauded. While it will ultimately be for the District Judge to determine whether Ms. Williams has adequately stated claims that survive STC's motion to dismiss, nothing about this case cries out for allowing discovery while the motion to dismiss is pending.

## Order

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that STC's Motion for Protective Order to Stay Discovery Pending Resolution of STC's Motion to Dismiss (Dkt. #35) is GRANTED. Discovery is STAYED until after Judge Brimmer rules on STC's Renewed Motion to Dismiss (Dkt. #26) or until further Order of Court.

Date: October 10, 2018
Denver, Colorado

BY THE COURT

N. Reid Neureiter
United States Magistrate Judge