IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00397-PAB-MJW

ILON T. WILLIAMS,

Plaintiff,

v.

STEWART TITLE COMPANY,

Defendant.

---

**ORDER**

---

This matter comes before the Court on defendant Stewart Title Company's Renewed Motion to Dismiss [Docket No. 26]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

The allegations in plaintiff's Amended Complaint [Docket No. 21] are to be taken as true in considering a motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

In March 2012, Ryan Altman sustained injuries while making renovations on plaintiff's home in Boulder, Colorado. Docket No. 21 at 3, ¶ 8. Altman subsequently asserted a premises-liability claim against plaintiff Ilon T. Williams and obtained a default judgment in the amount of $1,367,386.30. *Id*. at 3-4, ¶¶ 10-12. On September 18, 2014, Altman recorded a lien against plaintiff's home and other properties she owns

in the amount of the judgment. *Id*. at 4, ¶ 13. Plaintiff became aware of the lien on March 16, 2015. *Id*., ¶ 14.

In January 2016, plaintiff entered into a contract to sell her Boulder house to Asher and Martina Panian. *Id.* at 5, ¶ 23.[1] The Panians hired defendant to act as the title company, provide title insurance, and close the transaction. *Id*., ¶ 25. The closing agreement, executed by plaintiff, defendant, and the Panians, required defendant to furnish a title insurance policy to the Panians upon completion of a satisfactory title search and examination. Docket No. 21 at 6-7, ¶¶ 36, 39. Defendant issued a title commitment to the Panians on behalf of Stewart Title Guaranty Company ("STGC"). *Id*. at 6, ¶ 33; *see also* Docket No. 21-2 at 2-3. Defendant issued the policy without identifying Altman's lien. *Id*. at 8, ¶ 52. After closing, it was discovered that Altman's lien remained on the property. *Id*. at 8, ¶ 51.

In the name of the Panians, STGC initiated a lawsuit in the District Court of Boulder County, Colorado (the "state court action") against Altman and plaintiff, alleging that, in the course of issuing the title insurance policy, plaintiff represented under oath that there were no secured interests or liens on her property. *Id*. at 8-9, ¶¶ 54-55; Docket No. 26-3 at 2, ¶ 10.[2] Plaintiff counterclaimed, alleging in part that STGC acted

---

[1] Plaintiff's complaint only mentions the house at 6755 Harvest Road. However, as plaintiff lists that house as her current residence, the Court assumes that is not the property she sold. *See* Docket No. 21 at 1, ¶ 1. Supporting documents indicate that the property sold is located at 6838 Harvest Road. *See* Docket No. 21-1 at 2.

[2] Defendant attaches five exhibits to its motion to dismiss, four of which are records from the state court action. *See* Docket Nos. 26-1, 26-2, 26-4, 26-5. The Court takes judicial notice of these exhibits, "which are a matter of public record." *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). The Court may consider facts subject to judicial notice without converting the motion to dismiss into a motion for

through its "authorized agent, [defendant]," to conduct the closing of the sale of the Boulder house. Docket No. 26-4 at 11, ¶ 15. After a trial in late 2017, a jury found plaintiff liable for breach of contract, fraudulent concealment, fraudulent misrepresentation, and fraudulent inducement against STGC, as well as liable on four other claims. Docket No. 26-1 at 3-11. The jury found STGC not liable on plaintiff's counterclaims for negligent misrepresentation, fraudulent concealment, and fraudulent misrepresentation. *Id*. at 14-21. Plaintiff has appealed the verdict to the Colorado Court of Appeals. Docket No. 26-2.

On February 16, 2018, plaintiff filed this lawsuit. Docket No. 1. The operative complaint includes claims against defendant for negligence *per se*, breach of contract, and negligent misrepresentation/nondisclosure causing loss in a business transaction. Docket No. 21 at 10-13. Other than the breach of contract claim here, the allegations in the complaint are nearly identical to the allegations made against STGC in the state court action. *See id*. at 13-15, ¶¶ 91-105; Docket No. 26-4 at 17-18, ¶¶ 74-83.

Defendant offers four reasons for dismissing plaintiff's claims. Docket No. 26 at 2. First, it argues that plaintiff has not met the amount-in-controversy requirement, warranting dismissal under Fed. R. Civ. P. 12(b)(1). *Id.* Second, defendant argues that plaintiff's claims are compulsory counterclaims under Colo. R. Civ. P. 13(a) that should have been brought in the state court action. *Id*. at 4-5. Third, defendant argues that the Court should dismiss or stay this case either under the *Colorado River* doctrine or based on res judicata because the issues have been resolved in defendant's favor in

---

summary judgment. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

the parallel state court action. *Id*. at 5-6. Finally, defendant argues that plaintiff fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Id*. at 10.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

Defendant first argues that plaintiff has not satisfied the amount-in-controversy requirement needed to establish federal jurisdiction.

A motion under Fed. R. Civ. P. 12(b)(1) is a request for the court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556 at *1 (D. Colo. Sept. 24, 2012).

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). The court may review materials outside the pleadings without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1296 (10th Cir. 2003).

Plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1332(a). Docket No. 21 at 2, ¶ 5. Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000 (exclusive of interest and costs). *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1171 (10th Cir. 2011). The party seeking to assert federal court jurisdiction must demonstrate that "it is not legally certain that the claim is less than the jurisdictional amount." *Woodmen of World Life Ins. Soc. v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). "The amount claimed by the plaintiff in its complaint generally controls and alone can be sufficient to support subject matter jurisdiction." *Marcus Food Co.*, 671 F.3d at 1171 (citing *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000)) (internal quotations omitted). Assuming that plaintiff meets its burden, the defendant may challenge that showing. *Id*. However, dismissal on amount-in-controversy grounds is generally "warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction." *Woodmen of World Life Ins. Soc.*, 342 F.3d at 1217.

Here, plaintiff alleges damages in excess of $75,000. Docket No. 21 at 2, ¶ 3. She alleges that she incurred "at least $450,000" in damages in the state court judgment as a result of defendant's breach of contract, breach of statutory duties, and negligent misrepresentation. *Id*., ¶ 4a, and at 11, ¶ 77. She further alleges that she incurred additional damages "exceed[ing] $75,000" in attorney's fees defending herself in the state court action. *Id*. at 2, ¶ 4b.

Defendant challenges that showing on two grounds. First, it asserts that any damages are not legally cognizable because plaintiff cannot hold defendant responsible for damages she caused to defendant's parent company. Docket No. 26 at 4. Second, defendant claims that the wrong-of-another doctrine bars plaintiff from recovering damages caused by her own conduct. Docket No. 34 at 2. However, an argument that plaintiff has no viable theory of recovery goes to the merits of plaintiff's claims, not to whether the jurisdictional amount has been satisfied, and is therefore appropriately considered under Fed. R. Civ. P. 12(b)(6). The Court is satisfied that a sufficient amount-in-controversy exists to confer subject matter jurisdiction.

**B. Compulsory Counterclaims**

Defendant next argues that plaintiff's claims are barred as compulsory counterclaims that she was required to raise in the state court case.

Colorado Rule of Civil Procedure 13(a) provides, in pertinent part:

> A pleading shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.[3]

A counterclaim is compulsory if it "arises out of the same transaction or occurrence as the opposing party's claim," which means that the subject matter of the counterclaim must be "logically related" to the initial claim. *Allen v. Martin*, 203 P.3d 546, 555-56

---

[3] The Court applies Colorado law because the Court "must ascertain what preclusive effect Colorado would give its own decision in the earlier action before we may know what effect it should be given in the federal court." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (quoting *Fox v. Maulding*, 112 F.3d 453, 457 (10th Cir. 1997)) (internal quotations and brackets omitted).

(Colo. App. 2008). "A party who fails to plead a claim properly classified as a compulsory counterclaim is barred from raising that claim in a later action against a person who was a plaintiff or in privity with a plaintiff in the prior action." *Id*. at 555. "Privity exists when there is a substantial identity of interests between a party and a non-party such that the non-party is virtually represented in litigation." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 97 P.3d 215, 217 (Colo. App. 2003). "A finding of privity is simply a conclusion that something in the relationship of party and non-party justifies holding the latter to the result reached in litigation in which only the former is named." *Public Serv. Co. of Colo. v. Osmose Wood Preserving, Inc.*, 813 P.2d 785, 788 (Colo. App. 1991).

The Court considers first whether the subject matter of plaintiff's claims here is logically related to the claims she brought in the state court action against STGC.[4] Plaintiff argues that "[t]he injury resulting from this conduct bears no resemblance to the injuries for which relief was sought" in the state court action because the claims arise from a different contract (the "closing instructions contract" rather than the "indemnity and affidavit"). *See* Docket No. 33 at 7. However, plaintiff's claims in both this case and the state action are based on the same transaction or occurrence – STC's alleged failure to conduct a reasonable title search when it issued title insurance to the Panians. *Compare* Docket No. 21 at 11, ¶ 75 ("The failure to conduct a reasonable title search

[4] Two requirements of Colo. R. Civ. P. 13(a) are clearly satisfied. Plaintiff stated a counterclaim against an opposing party in the state court action. *See* Docket No. 26-4 at 16-21. Adjudication of that claim did not require the presence of third parties over which the court could not acquire jurisdiction. *See* Docket No. 26-1 (jury verdict in state court action).

. . . constitutes negligence *per se* on behalf of STC.") *with* Docket No. 26-4 at 17, ¶ 71 (identical, except replacing "STC" with "STGC"). Accordingly, the Court concludes that the claims are logically related.

The next question is whether defendant is in privity with STGC, the plaintiff and counterclaim-defendant in the state court action. Although defendant and STGC played distinct roles in the transaction – defendant as issuer of the title policy and STGC as underwriter – the Court finds that they are in privity. Privity can exist when one party is a subsidiary of another. *See Title Capital Mgmt., LLC v. Progress Residential, LLC*, 2017 WL 5953287 at *3 (S.D. Fla. August 8, 2017). Defendant asserts that it is a wholly owned subsidiary of STC. *See* Docket No. 26 at 1. As a wholly owned subsidiary, there exists a "substantial identity" of interests between defendant and STGC. *See Argus*, 97 P.3d at 217; *see also Strekal v. Espe*, 114 P.3d 67, 70 (Colo. App. 2004) (privity exists where, for example, the party and the nonparty are related corporate entities). As noted above, plaintiff's allegations against defendant are nearly identical to her allegations against STGC in the state court action. *See* Docket No. 21 at 13-15, ¶¶ 91-105; Docket No. 26-4 at 17-18, ¶¶ 74-83. Because the allegations are nearly identical, and because defendant is a wholly owned subsidiary of STGC, STGC "virtually represent[ed]" defendant's interests in the state court action. *See Argus*, 97 P.3d at 217.

Plaintiff argues that defendant and STGC are not in privity because, in the prior action, STGC admitted that the title search done by defendant "was outside the scope of [defendant] and STGC's agency relationship," and that STGC "was adamant that its

relationship with [defendant] was one of severely limited agency." *See* Docket No. 33 at 8. This argument is not persuasive. At the time of filing her counterclaims, plaintiff should have been aware that STGC and defendant had a legal relationship, given that both STGC's and defendant's names are listed on the title insurance policy. *See* Docket No. 21-3 at 2 (title insurance policy). Moreover, while one signatory is identified as a representative of Stewart Title Company - Longmont, the signature page bears a stamp from "Stewart Title Guaranty Company." *Id*. at 2. In state court, plaintiff alleged in her counterclaims that defendant was an "authorized agent" of STGC. *See* Docket No. 26-4 at 11, ¶ 15. The state court agreed, allowing plaintiff's counterclaims which were based on defendant's agency relationship with STGC to go to trial. *See* Docket No. 26-5 at 4-14 (order on STGC's motion for summary judgment). In this proceeding, plaintiff now argues that defendant and STGC had no legal relationship. *See* Docket No. 21 at 10, ¶ 63 ("[STGC and defendant] were not in privity in the State Court Action."). Contrary to plaintiff's attempt to relitigate the state court action, the record indicates that "STGC has already defended [plaintiff's] allegations against [defendant]." *See* Docket No. 34 at 5.

Because the claims in this case are logically related to the state court action, and because defendant is in privity with STGC, the claims brought by plaintiff in this case

were compulsory counterclaims in the state court action and are barred here.[5] Therefore, the Court will dismiss plaintiff's claims.[6]

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Renewed Motion to Dismiss [Docket No. 26] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED March 8, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

---

[5] Because this issue is dispositive, the Court does not address defendant's remaining arguments regarding *Colorado River* abstention, res judicata, and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Docket No. 26 at 5-15.

[6] Defendant's motion to dismiss includes a one-line request for an award of attorney fees. Docket No. 26 at 15. Per D.C.COLO.LCivR 54.3, a motion for attorney fees must be separately made and be supported by an affidavit. Defendant has not filed a supporting affidavit or made a separate attorney fee request. Therefore, the Court will deny the request for failure to comply with the Local Rules.