IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00397-PAB-NRN

ILON T. WILLIAMS,

    Plaintiff,

v.

STEWART TITLE COMPANY,

    Defendant.

**ORDER**

This matter is before the Court on the parties' Stipulation for Dismissal [Docket No. 74].

On March 12, 2019, final judgment entered dismissing plaintiff's claims without prejudice. Docket No. 50. The Court awarded defendant its costs. *Id*. at 1. On motion, the Court awarded defendant $18,634.40 in attorney's fees. Docket No. 62. Plaintiff filed a motion for reconsideration of the fee award. Docket No. 63. The Tenth Circuit subsequently affirmed the Court's judgment. Docket No. 67; *Williams v. Stewart Title Co.*, 806 F. App'x 625 (10th Cir. 2020) (unpublished). The Tenth Circuit awarded defendant appellate-related attorney's fees and remanded to this Court for a determination of the amount to be awarded. Docket No. 69. The Court directed defendant to file a motion for attorney's fees with appropriate supporting documentation on or before July 2, 2020. Docket No. 71. Defendant did not do so.

On July 23, 2020, the parties filed a stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  Docket No. 74.  The Court requested clarification, noting that the case has closed and that final judgment has entered.  Docket No. 75.  On July 29, 2020, the parties filed a joint supplement to the stipulation.  Docket No. 76.  The joint supplement indicates that the intent of the stipulation is to (1) dismiss the parties' claims with prejudice, (2) vacate the cost award, Docket No. 50 at 1, (3) vacate the fee award, Docket No. 62, (4) moot plaintiff's motion for reconsideration, Docket No. 63, and (5) "render moot and vacate" issues related to the Tenth Circuit's award of appellate attorney's fees.  Docket No. 76.

Fed. R. Civ. P. 41(a)(1)(A)(ii) permits a plaintiff to dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."  However, the parties do not explain how this rule would apply where, as here, the case has already been dismissed and judgment has been entered.  Instead, the Court turns to Fed. R. Civ. P. 60(b)(6), which allows the Court to, "[o]n motion and just terms," relieve a party from a final judgment for "any . . . reason that justifies relief."  This rule is a "grand reservoir of equitable power."  *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (citation omitted); *see also* 11 Mary Kay Kane, *Fed. Prac. & Proc.* § 2864 (3d ed. April 2020 update) (describing the rule as "giv[ing] the courts ample power to vacate judgments whenever that action is appropriate to accomplish justice").  The Court will construe the stipulation for dismissal as also being a joint motion to relieve the parties from the final judgment.

Relief under Rule 60(b)(6) is appropriate in this case.  The parties seek to

prevent future litigation by making the dismissal of plaintiff's claims "with prejudice." The parties also seek to return to the status quo where each party pays its own fees and costs. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) (describing the "bedrock principle" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise"). Because the relief the parties seek will provide finality to this litigation, the Court sees no reason not to grant such relief. Accordingly, the Court will grant the motion and vacate the final judgment. The Court will also vacate the fee and cost awards and deny as moot the motion for reconsideration. As to the appellate fee award, defendant has failed to file a motion for attorney's fees or any documentation that would support a fee request, as the Court directed. *See* Docket No. 71. Thus, there is nothing for the Court to do.

For the foregoing reasons, it is

**ORDERED** that the Final Judgment [Docket No. 50] is **VACATED**. It is further

**ORDERED** that the Order [Docket No. 62] awarding defendant $18,634.40 in attorney's fees is **VACATED**. It is further

**ORDERED** that plaintiff's Motion for Reconsideration of January 13, 2020 Order [Docket No. 63] is **DENIED AS MOOT**.

DATED July 29, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge